UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN HARRINGTON** | : | **CIVIL ACTION NO. 20-00048** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CROWLEY OFFSHORE SERVICES, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff, Steven Harrington. Doc. 9. The motion is opposed by defendants Crowley Offshore Services, Crowley Maritime Corporation, and Old Republic Insurance Company (collectively referred to as the "Crowley defendants") and by defendant Jeremy D. Scheil ("Scheil"). Docs. 17, 18. The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 for review, report, and recommendation.

For the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED**.

### I.
#### BACKGROUND

Plaintiff filed suit in state court alleging that on August 25, 2017, he was injured in an automobile accident when a vehicle driven by Scheil, acting in the course and scope of his employment with the Crowley defendants, collided with his vehicle. Doc. 1, att. 4, pp. 1-5. Plaintiff alleged that Scheil was negligent in causing the accident for "driving while severely intoxicated; … driving in a reckless and careless manner" and various other acts of negligence. *Id*. at ¶ 8. He alleged that he is entitled to punitive damages for Scheil's "willful and wanton conduct for driving while

intoxicated." *Id*. at ¶ 10.  Plaintiff also alleged that the Crowley defendants were negligent in screening, supervising, training, and employing defendant Scheil.  *Id.* at ¶ 8.

On December 10, 2019, plaintiff filed a First Supplemental and Amending Petition in which he alleged, *inter alia*, that the Crowley defendants were also negligent for "wanton and reckless disregard for the rights and safety of others" and were liable for punitive damages.  Doc. 1, att. 4, pp. 8-14.  This petition included as an attachment an Order for signature of a state court judge which would allow the petition to be filed.  *Id.* at p. 14.  The petition and order were filed in state court and signed by the state court judge on December 10, 2019.[1]  Doc. 9, att. 4.  A copy of this supplemental and amending petition was sent by electronic mail to counsel for defendants on December 10, 2019.  Doc. 9, att. 3, pp. 1-9.

On January 10, 2020, the Crowley defendants filed a Notice of Removal alleging that this court has diversity jurisdiction and that removal is timely based on the "revival exception" to the removal statute.[2]  Doc. 1.  On January 23, 2020 plaintiff filed the Motion to Remand currently before the court which alleges that: 1) the notice of removal is untimely because it was filed thirty-one days after plaintiff filed and sent a copy of his amended petition to the defendants; and 2) the "revival exception" does not apply.  Doc. 9.   In opposition to the motion to remand the Crowley defendants argue that the amended petition so substantially altered the character of the lawsuit that it created a new lawsuit so that the revival exception is applicable.  Doc. 17.  They further assert that the notice of removal was timely because it was filed within thirty days of the "execution and entry of the order" which allowed plaintiff leave to file his amended petition.  *Id.* at p. 16.  They contend, citing to state

---

[1] Plaintiff attaches the Order allowing the supplemental and amending petition to be filed which is date stamped December 10, 2019 and contains the "S-signature" of district court Judge Robert L. Wyatt dated December 10, 2019.  Doc. 9, att. 4.
[2] Defendant Scheil consented to removal on January 13, 2020.  Doc. 4.

court records from the Clerk of Court[3], that the order was not signed and docketed until December 12, 2019, at the earliest; thus, their notice of removal was timely filed within thirty days of that date.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

We note, initially, that all parties agree that diversity jurisdiction existed (the parties are completely diversity and the amount in controversy exceeds $75,000) in this case at the time suit was first filed and at the time the case was removed. Thus, the first sentence of removal procedure statute, 28 U.S.C. § 1446(b), controls. It provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The Fifth Circuit in *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241-42 (5th Cir.2000) recognized the judicially created exception to the thirty-day requirement of section 1446(b). The court explained that an expired right to remove a case may be revived where the original complaint is "amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Id.* at

---

[3] The Crowley defendants attach certified copies of the state court "Case History View" and "Civil Suit Ledger" both obtained from the 14th Judicial District Court Clerk of Court. Doc. 17, atts. 2, 3.

241. If the revival exception is invoked a defendant must remove within thirty days of the amended complaint. Since *Johnson*, "district courts have held that an amendment does not revive a right to remove as long as the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action." *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 382 (S.D. Tex. 2006) (citing La. *Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.*, 207 F.Supp.2d 524, 526 (M.D.La.2002)).

While we would be hesitant to find, as suggested by the Crowley defendants, that the amendment is an entirely new and different lawsuit, there is no reason to make this determination. Even if we were to apply the revival exception, we find the defendants' removal here is untimely. The record shows that plaintiff filed his supplemental and amending petition on December 10, 2019 and the order allowing the petition to be filed was signed on that same day. The record also shows, and defendants do not dispute, that they received a copy of this amended petition on the same day. This gave defendants thirty days from December 10, 2019, or until January 9, 2020, to file their notice of removal. Defendants' notice of removal filed on January 10, 2020 is one day too late.

We have considered and reject defendants' argument that the "Case History View" and "Civil Suit Ledger" obtained from the 14th Judicial District Court Clerk of Court somehow prove that the order could not have been signed before December 12, 2019. First, plaintiff has produced a copy of the order that shows a signature of December 10, 2019. Additionally, we do not find it judicious to rely on documents created by the clerk of court to track activities such as when records and pleadings are delivered to the district judge and returned to the suit department.

For these reasons, we must find that plaintiff's motion to remand should be granted.

Plaintiff also seeks attorney's fees incurred in conjunction with the filing of his motion. The decision to grant or deny attorney's fees is within the discretion of the court and an award of such

fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (citing *Valdes,* 199 F.3d at 293). Finding an objectively reasonable basis for seeking removal, plaintiff's motion for attorney's fees should be denied.

### III.
#### Conclusion

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 9] be **GRANTED** and the Motion for Attorney's Fees be **DENIED**.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE this 16th day of July, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE